### ZEUN and others *v.* KALDENBERG.

*(Circuit Court, S. D. New York.* April 19, 1883.)

PATENTS FOR INVENTIONS—INFRINGEMENT.

Where the patent granted to plaintiff is limited by the description and claim to a hand mirror or toilet glass, in which an elastic cushion or packing is interposed between the glass and the back of the frame, the office of the cushion being to press the glass against the beveled rim of the frame, defendant cannot escape liability for infringement when he appropriates the complainant's invention, although by the location of the packing outside the periphery his packing performs an additional office, and may involve sufficient invention to sustain his patent.

In Equity.

*L. C. Raegerer,* for complainant.

*Sam Tro. Smith,* for defendant.

WALLACE, C. J. It is quite obvious that Zeun is entitled to the credit of the conception which imparts the main value to the invention described in the defendant's letters patent. But unfortunately Zeun, in the letters patent granted to him, is limited by the description and claim to a hand mirror or toilet glass in which an elastic cushion or packing is interposed between the glass and the back of the frame. The office of this cushion is to press the glass against the beveled rim of the frame. The employment of any cushion which will perform this office, in combination with the other parts, is an infringement of his patent. Some of the toilet mirrors made by the defendant fall within this category, because a part of the elastic packing is beneath the edge of the glass sufficiently to press the glass against the upper rim or lip of the frame. The patent of the defend-

ant, however, does not necessarily require the elastic packing to be interposed between the glass and the back of the frame. As shown in his patent, the packing may surmount the periphery of the glass without having any part of it located beneath the glass, or so as to press the glass against the rim or lip of the frame. It may be doubtful whether the packing would practically be satisfactory if located entirely outside the periphery of the glass. However this may be, the defendant cannot escape liability for infringement when he appropriates the complainants' invention, although, by the location of the packing outside the periphery, his packing performs an additional office, and may involve sufficient invention to sustain his patent.

A decree is ordered for complainant.